IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BRENT LAMAR JONES**                                                                 **PLAINTIFF**

v.                             **Case No. 4:25-cv-01067-KGB**

**JACKSONVILLE, City of,** *et al.*                                           **DEFENDANTS**

### BRIEF IN SUPPORT OF SEPARATE DEFENDANT
### CITY OF LITTLE ROCK'S MOTION TO DISMISS

COMES NOW, Separate Defendant City of Little Rock, by and through undersigned counsel, Thomas M. Carpenter, City Attorney, and Cody J. Pritchard, Senior Deputy Attorney, and for their Motion to Dismiss states as follows:

### I. INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff Brent Jones filed his complaint on October 14, 2025, listing numerous defendants, including various municipalities, government agencies, judges, attorneys, and law enforcement officers. Doc. No. 1. Plaintiff lists seven causes of action: Fourth Amendment violations; Fourteenth Amendment violations; First Amendment retaliation; Civil Conspiracy under 42 U.S.C. § 1985; Continuing Retaliation; Unlawful Seizure and Excessive Force; and Malicious Prosecution and Fabrication of Evidence. *Id*. Although plaintiff lists the City of Little Rock as a defendant, plaintiff alleges no facts in his complaint [Doc. No. 1] or addendum to complaint [Doc. No 2] against the City of Little Rock. For the reasons discussed below, plaintiff's claims against the City of Little Rock should be dismissed.

## II. ARGUMENT

Plaintiff's claims against the City of Little Rock should be dismissed for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), because the City of Little Rock is entitled to sovereign immunity, for lack of proper service under Fed. R. Civ. P. 4, and on the basis of claim preclusion.

### A. Plaintiff has failed to state a claim against the City of Little Rock

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is well established that a complaint should be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). A plaintiff must do more than show success on the merits is a "sheer possibility." *Ashcroft* at 678. Although the Court must accept all factual allegations as true, a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*.

Plaintiff's complaint as it relates to the City of Little Rock should be dismissed for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). While Plaintiff lists the City of Little Rock as a defendant in his complaint, Plaintiff states no facts whatsoever against the City of Little Rock. "Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice."

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Plaintiff's complaint lists a number of events in which he alleges wrongful conduct by various defendants; however, he states no facts related to those incidents that involve the City of Little Rock. Such a pleading fails to put the defendant on proper notice as to the supporting facts giving rise to the claims.

Furthermore, the allegations stated in Plaintiff's complaint do not give rise to a cognizable claim for relief against the City of Little Rock. A City or municipal corporation cannot be held liable under the doctrine of *respondeat superior*, and it is not a basis for liability under § 1983. *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 691 (1978). "[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue." *City of Canton, Ohio v. Harris,* 498 U.S. 378, 385 (1989). "It is only when the 'execution of the government's policy or custom . . . inflicts the injury' that the municipality may be held liable under § 1983." *Id.* (quoting *Monell, supra,* at 694). Such a policy or custom may be either an official written policy or "a widespread practice that, although not authorized by written law or express municipal policy, is so 'permanent and well settled as to constitute a 'custom or usage' with force of law.'" *City of St. Louis v. Praprotnik,* 485 U.S. 112, 127 (1988) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 167-168 (1970)).

Plaintiff states that the events listed in his complaint demonstrate a "pattern of conduct" of "systemic abuse by Jacksonville PD, Little Rock PD, and the involved judges and prosecutors." Plaintiff's complaint, however, is devoid of any factual

3

allegations establishing a causal link between any supposed unconstitutional policy or custom allegedly created by this "pattern of conduct" and the acts of the specific officers involved in this case. Because Plaintiff's complaint fails to state a claim upon which relief can be granted, Plaintiff's claims against the City of Little Rock should be dismissed.

### B. The City of Little Rock is entitled to sovereign immunity

Plaintiff's claims against the City of Little Rock should also be dismissed because the City of Little Rock is entitled to sovereign immunity. Sovereign immunity functions as "jurisdictional immunity from suit, and jurisdiction must be determined entirely from the pleadings." *Arkansas Oil & Gas Comm'n v. Hurd*, 2018 Ark. 397, 8, 564 S.W.3d 248, 253 (2018); *see Williams v. McCoy*, 2018 Ark. 17, 3, 535 S.W.3d 266, 268 (2018). In Arkansas, the City is a political subdivision of the state, and no tort action shall lie against any such political subdivision because of the acts of its agents and employees. Ark. Code Ann. § 21-9-301.

Plaintiff's complaint fails to allege any facts that, even if true, would have demonstrated that the City of Little Rock unconstitutionally violated his rights. *See Williams*, 2018 Ark. at 4, 535 S.W.3d at 269. Therefore, Plaintiff's claims against the City of Little Rock are barred by sovereign immunity.

### C. Plaintiff has failed to obtain proper service on the City of Little Rock

Fed. R. Civ. P. 4(j)(2)(B) provides that a municipal corporation must be served by the manner "prescribed by that state's law for serving a summons or like process

on such defendant." Ark. R. Civ. P. 4(f)(13) states that "service on a municipal corporation shall be on the mayor, city manager, city administrator, or city clerk." Based on Plaintiff's own proof of service filed in this case [Doc. No. 6], Plaintiff has not served the mayor, city manager, city administrator, or city clerk, and has failed to properly serve the City of Little Rock. Therefore, Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process.

### D. Plaintiff's complaint is barred by claim preclusion

Plaintiffs states a variety of facts in his complaint related to various state court criminal proceedings. These allegations are more properly adjudicated in the context of his criminal cases. Furthermore, allegations involving at least one of the cases listed in Plaintiff's complaint in this case were previously addressed and dismissed by Pulaski County Circuit Court in *Brent Jones v. City of Little Rock et al.*, 60CV-24-203. Because of this, and other deficiencies in his pleadings discussed above, Plaintiff's claims against the City of Little Rock should be dismissed.

### III. CONCLUSION

For the reasons stated above, separate Defendant, the City of Little Rock, respectfully requests that this Court grant their motion to dismiss, and for all other just and proper relief to which they may be entitled.

Respectfully Submitted,

Thomas M. Carpenter
City Attorney

<u>/s/Cody J. Pritchard</u>
Senior Deputy City Attorney
City of Little Rock
500 W. Markham, Ste. 310
Little Rock, Arkansas 72201
Phone: (501) 371-4527
Email: cpritchard@littlerock.gov
