## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**BRENT LAMAR JONES**                                                    **PLAINTIFF**

**v.**                                  **CASE NO. 4:25-cv-01067-KGB**

**CITY OF JACKSONVILLE,** *et al.*                                **DEFENDANTS**

## BRIEF IN SUPPORT OF MOTION TO DISMISS

Plaintiff, Brent Lamar Jones, brings this suit alleging multiple constitutional violations against several defendants, including judges, government agencies, attorneys, law enforcement officers, and municipalities. Mr. Jones sues each Defendant in their individual and official capacities. Mr. Jones's claims should be dismissed against Judges Bailey, Johnson, Kamps, and Whatley because each are entitled to judicial immunity. Mr. Jones's claims against Prosecuting Attorney Will Jones should be dismissed because he is entitled to prosecutorial immunity.[1] Additionally, Mr. Jones's claims should be dismissed pursuant to the *Younger* abstention doctrine, *Rooker-Feldman*, and improper service.

### FACTUAL ALLEGATIONS

Mr. Jones alleges that he "has been the target of continuous, escalating misconduct by law enforcement officers, judges and municipal officials." Compl. at 3. Mr. Jones lists several claims for relief, including Fourth Amendment violations, Fourteenth Amendment violations, First Amendment retaliation, civil conspiracy, continuing retaliation, unlawful seizure and excessive force, malicious prosecution and fabrication of evidence, denial of due process and equal protection, retaliation and ongoing harassment, and municipal and supervisory liability. Compl. at

---

[1] Mr. Jones brings additional claims against State Defendants Jason Ables and Jordan Compton, who have not been served with this lawsuit at this time.

8–9. In support of his claims, Mr. Jones alleges that Defendants "collectively engaged in false arrests, illegal home intrusions, coercive prosecutions, denial of appeals, fabrication of charges, malicious prosecution, and deliberate humiliation campaigns." Compl. at 3.

STANDARD OF REVIEW

## I.     Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) allows for the dismissal of a case when there is a "failure to state a claim under which relief can be granted." Fed. R. Civ. P. (12)(b)(6). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Carter v. Huterson*, 831 F.3d 1104, 1107 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Rule 8(a) of the Federal Rules of Civil Procedure sets forth the minimum requirements for a proper pleading, including a short and plain statement of the claim showing the pleader is entitled to relief and a demand for the relief sought. Fed. R. Civ. P. 8(a).

The Supreme Court of the United States has stated that "detailed factual allegations" are not required to survive a Rule 12(b)(6) motion to dismiss, but the claim must state sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is plausible on its face when the pleaded facts allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 664. Mere legal conclusions without sufficient factual allegations are not entitled to an assumption of truth. *Id.* A claim that is not plausible such that a "reasonable person could not draw an inference from the alleged facts" is subject to dismissal pursuant to Rule 12(b)(6). *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007). When evaluating a motion to dismiss pursuant to Rule 12(b)(6), courts must examine the complaint

2

in the light most favorable to the non-moving party. *Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010).

## II.    Fed. R. Civ. P. 12(b)(5).

A federal court may only exercise personal jurisdiction over a defendant after the procedural requirement of service is satisfied. *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 (1987). "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Id.*; (quoting *Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 444–445 (1946)). When service is improper, the district court has discretion to dismiss the action. *Haley v. Simmons*, 529 F.2d 78, 79 (8th Cir. 1976); *Marshall v. Warwick*, 155 F.3d 1027, 1032 (8th Cir. 1998).

ARGUMENT

## I.    Judges Bailey, Johnson, Kamps and Whatley are entitled to judicial immunity

A judge is immune from suit "in all but two narrow sets of circumstances." *Just. Network Inc. v. Craighead Cnty.*, 931 F.3d 753, 760 (8th Cir. 2019) (quoting *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012)). First, a judge is not immune from liability arising from actions taken outside of the judge's judicial capacity. *Id.* Second, a judge is not immune for actions taken in the complete absence of jurisdiction. *Id.* Judicial immunity is "grounded in a 'general principle of the highest importance,' that 'a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020) (quoting *Mireles v. Waco*, 502 U.S. 9, 10 (1991)). Allegations of malice or corruption do not defeat judicial immunity. *Id.*

Mr. Jones's allegations against Judges Johnson, Kamps, and Whatley pertain to actions taken in their judicial capacity. *See* Compl. at 3 ("Each named officer, prosecutor, and judge acted

under color of state law as employees, officials, or agents of the City of Jacksonville, City of Little Rock, Pulaski County, or the State of Arkansas."). Mr. Jones's allegations against these Defendants concern the denial of his motions during trial or "enabling" the prosecution to continue bringing charges against him. Compl. at 3–4. Other allegations merely conclude that the Judges "lied on record" or "entered a false conviction." *Id.* Additionally, the complaint alleges that Mr. Jones has been faced with "judicial bias" and "coercive plea attempts." Compl. at 7. Mr. Jones does not allege sufficient facts to support these claims, and even if this Court were to find that he did, his allegations of malice or corruption do not defeat judicial immunity. *Hamilton,* 948 F.3d at 925. Mr. Jones does not provide facts alleging that any of the Judges listed as Defendants in this case acted outside of their judicial capacity or jurisdiction. Accordingly, Judges Bailey, Johnson, Kamps, and Whatley are all entitled to judicial immunity and the claims against them should be dismissed.

## II.    Defendant Will Jones is entitled to Prosecutorial Immunity

The Supreme Court of the United States has held that state prosecutors are immune from liability under § 1983 for conduct that initiates a prosecution and presents the State's case. *Burns v. Reed*, 500 U.S. 478, 478, (1991). The conduct must be "intimately associated with the judicial phase of the criminal process." *Id.* at 486. Prosecutorial immunity is based upon the same considerations of judicial immunity and protects prosecuting attorneys acting within the scope of their duties. *Imbler v. Pachtman*, 424 U.S. 409, 422–23 (1976). Prosecutorial immunity protects prosecutors when "harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." *Id.* at 23.

The complaint contains multiple allegations against Prosecuting Attorney Will Jones, all

of which pertain to conduct initiating prosecution and associated with the judicial phase of the criminal process. The allegations against Defendant Jones include continued prosecution, delays in trial, and the bringing of charges after an alleged non-prosecution agreement. Compl. at 5 The complaint fails to allege any facts showing that Defendant Jones acted outside of the judicial phase of the criminal process and does not suggest that Defendant Jones has acted outside the scope of his duties. Defendant Jones is, therefore, entitled to prosecutorial immunity and the claims against him should be dismissed.

### III.    Mr. Jones's claims are barred by the *Younger* abstention doctrine

The *Younger* abstention doctrine is rooted in the fundamental policy against federal interference with state criminal prosecutions. *Younger v. Harris*, 401 U.S. 37, 46 (1971). The doctrine provides that federal courts should not exercise jurisdiction where (1) there is an ongoing state judicial proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding. *Geier v. Missouri Ethics Comm'n*, 715 F.3d 674, 678 (8th Cir. 2013). The doctrine is rooted in the traditional reluctance of courts of equity to interfere with an ongoing criminal prosecution. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975). *Younger* abstention is limited to three categories of cases: (1) ongoing criminal prosecutions, (2) certain civil enforcement proceedings, and (3) pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013).

Abstention is appropriate when state criminal proceedings are still pending before a state court, and the defendant to those proceedings has a presumable opportunity to raise relevant federal issues, e.g., constitutional defenses. *Cormack v. Settle-Beshears*, 474 F.3d 528, 532 (8th Cir. 2007). The doctrine requires federal courts to abstain from interfering with ongoing state court criminal

proceedings, except when there is evidence of bad-faith prosecution or when a criminal statute is "flagrantly and patently" unconstitutional on its face. *Wassef v. Tibben*, 68 F.4th 1083, 1087 (8th Cir. 2023).

The claims in this case directly relate to multiple ongoing state criminal proceedings against Mr. Jones. *State v. Brent Jones,* 60CR-24-1204 (Ark. Mar. 22, 2024); *State v. Brent Jones,* 60CR-24-2634 (Ark. Jul. 10, 2024); *State v. Brent Jones,* JAC-25-1102 (Ark. Apr. 25, 2025). States have an important interest in prosecuting crimes committed within the states, and a state's ability to prosecute offenders is exactly what the Supreme Court sought to protect in *Younger*. *Younger,* 401 U.S. 37 at 46. ("Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done.").

Mr. Jones requests this Court to interfere with ongoing criminal proceedings and enjoin state officers from prosecuting him for his alleged crimes. Mr. Jones is presumably able to raise his constitutional defenses in his ongoing criminal proceedings. He has failed to allege sufficient facts showing that there is evidence of a bad-faith prosecution or an unconstitutional statute, and instead merely concludes that the evidence in his criminal cases is fabricated, retaliatory, and "false." *See* Compl. at 3–4. The relief sought in this case is poised to challenge and dispute the ability of state officials to prosecute offenders against the laws of the State of Arkansas. Accordingly, Mr. Jones's claims should be dismissed.

### IV.     *Rooker-Feldman* prohibits relitigation of Mr. Jones's claims relating to his "Little Rock Airport 'Trespassing' Case"

The *Rooker-Feldman* doctrine provides that federal district courts generally lack subject-matter jurisdiction over attempted appeals from a state court judgment. *Dodson v. Univ. of Ark. for Med. Scis.*, 601 F.3d 750, 754 (8th Cir. 2010). The doctrine bars a losing party in state court from

seeking "what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994). The application of *Rooker-Feldman* is confined to federal cases brought after a state-court judgment was rendered. *Scheffler v. City of Blaine*, 821 F. App'x 653, 656 (8th Cir. 2020). The doctrine prevents both straightforward and indirect attempts by a plaintiff to undermine state court decisions. *Prince v. Arkansas Bd. of Examiners in Psychology*, 380 F.3d 337, 340 (8th Cir. 2004).

Mr. Jones's complaint contains a straightforward attempt to undermine the Little Rock District Court decision in *Brent Jones v. Arkansas Department of Corrections et al.*, 60CV-24-203 (Ark. Jan. 8, 2024).[2] Mr. Jones filed a civil complaint on January 8, 2024, raising issues related to his December 2023 arrest at the Little Rock Airport. His claims were dismissed on February 14, 2024. Mr. Jones attempts to relitigate these issues in the present case, and this Court would substantively be conducting an appellate review of a state judgment with regards to these claims. The *Rooker-Feldman* doctrine precludes this Court from exercising subject-matter jurisdiction over Mr. Jones's claims relating to his December 2023 arrest.

## V.    Plaintiff has failed to obtain proper service on all State Defendants

Fed. R. Civ. P. 4(e) provides that an individual within a judicial district of the United States may be served by following the law of the state where the district court is located, or by (1) delivering a copy of the summands and complaint to the individual personally; (2) leaving a copy of each at the individual's dwelling; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed R. Civ. Pro. 4(e)(1–2). The Federal Rules

---

[2] Courts may take judicial notice of public records and, thus, may consider them on a Rule 12(b)(6) motion to dismiss. *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003). Mr. Jones's prior suit is public record, and this Court may consider it while ruling on this Motion to Dismiss.

of Civil Procedure do not provide for service by certified mail, but Fed. R. Civ. P. 4(e)(1) allows service pursuant to the rules of the state where the district court is located. Fed. R. Civ. P. 4(e)(1). Ark. R. Civ. P. 4(f)(16) provides that service on a government officer or employee may be made by certified mail as specified in Rule 4(g)(1)(A)(i), which requires certified mail to be addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee. Ark. R. Civ. P. 4(g)(1)(A)(i).

Mr. Jones has failed to properly serve the State Defendants in this case. Mr. Jones has attempted service by certified mail pursuant to the Arkansas Rules of Civil Procedure. Mr. Jones's attempts of service were not restricted to the addressee or an agent authorized to accept service on their behalf. To date, Mr. Jones has failed to file a proper return of service in this case bearing the signature of any State Defendant or an agent registered to accept service on their behalf. Plaintiff's complaint should, therefore, be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process.

## CONCLUSION

Accordingly, the Court should grant this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

TIM GRIFFIN
Attorney General

By:    Hunter Willis, AR Bar 2025266
       Assistant Attorney General
       Arkansas Attorney General's Office
       101 West Capitol Avenue
       Little Rock, AR 72201
       Phone: (501) 301-4123
       Fax: (501) 682-2591
       Email:  hunter.willis@arkansasag.gov

       *Attorneys for Judge Bailey, Judge Johnson, Judge*
       *Kamps, Judge Whatley, and Prosecuting Attorney*
       *Will Jones*

## CERTIFICATE OF SERVICE

I, Hunter Willis, hereby certify that on December 19, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification to anyone registered in this case to receive such filings. I further certify that on December 19, 2025, I mailed the foregoing document by U.S. Postal Service to the following non-CM/ECF participant:

Brent Lamar Jones
212 Raney Pl
Jacksonville, AR 72076

Hunter Willis